**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY T DUCAN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-02652-L** |
| | § | |
| **CITIMORTGAGE, INC. AND** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Rule 12(b)(6) Motion to Dismiss, filed August 24, 2012;

Plaintiff's Response to Defendants' Motion to Dismiss, filed September 24, 2012; and Defendants'

Reply Brief in Support of Motion to Dismiss, filed October 9, 2012.  After careful consideration of

the motion, response, reply, record, and applicable law, the court **grants in part** and **denies in part**

Defendants' Rule 12(b)(6) Motion to Dismiss.

**I.      Background**

This action concerns a mortgage foreclosure dispute.  On January 12, 2007, Anthony T

Duncan ("Plaintiff" or "Duncan") obtained a mortgage loan to purchase of property located at 2138

Cimarron Street, Lancaster, Texas 75146 ("the Property").[1]  Pl.'s Original Pet. ¶¶ 5-6.  In connection

---

[1] The Note, although attached to Plaintiff's Application for Temporary Restraining Order and Temporary Injunction filed in state court, was not attached to Plaintiff's Original Petition ("Petition").  This document is in the record of this case, having been attached to Defendants' Notice of Removal; however, it was not attached to Defendants' Motion to Dismiss.  Because the Fifth Circuit strictly construes the well-established rule that in deciding whether to grant a motion to dismiss, a district court may not go outside of the pleadings, the court determines that the contents of this document may not be considered by the court.  *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 n.9 (5th Cir. 2012) (holding that the exception that a court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims does not apply when the documents are attached to

with obtaining the mortgage loan, Plaintiff executed a Promissory Note ("Note") in favor of First

NLC Financial Services, LLC ("First NLC").  *Id.* ¶ 6.  The Note was secured by a deed of trust

("Deed of Trust"), which lists First NLC as the lender, and Mortgage Electronic Registration

Systems, Inc. ("MERS") as nominee.[2]  *Id.* ¶¶ 6, 11.  On August 31, 2009, MERS assigned the

mortgage to CitiMortgage, Inc. ("CitiMortgage").[3]  *Id.* ¶ 7.  A second assignment was purportedly

made regarding the same property, on January 26, 2011, again from MERS to CitiMortgage.  *Id.* ¶ 8.

The Petition neither alleges that Plaintiff defaulted on the loan nor that he was current in his

payments on the loan.  Plaintiff filed this action, however, on July 9, 2012 against CitiMortgage and

MERS (collectively "Defendants") in the 116th Judicial District Court of Dallas County, Texas,

alleging various causes of action challenging Defendants' rights to foreclose on the Property.

Plaintiff's claims include: (1) a declaratory judgment action; (2) violation of the Texas Property

Code;[4] (3) violation of the Texas Business and Commerce Code;[5] (4) violation of section 392.301(8)

_____

the defendant's notice of removal).  The court, however, will accept the existence of the Note as true because the Petition
alleges that Plaintiff executed a promissory note in favor of First NLC.

[2] The court notes that the Deed of Trust is not attached to Plaintiff's Petition; however, it is attached to
Defendants' Motion to Dismiss and is referred to in Plaintiff's Petition and is central to Plaintiff's claims, as Plaintiff
contends that Defendants lacked authority to enforce the Deed of Trust.  Therefore, the Deed of Trust may be considered
by the court.  *See Gines,* 699 F.3d at 820 ("[A] district court may consider documents attached to the motion to dismiss
if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.") (citation omitted).

[3] The alleged assignments, although attached to Plaintiff's Application for Temporary Restraining Order and
Temporary Injunction filed in state court, were not attached to the Petition. These documents are in the record of this
case, having been attached to Defendants' Notice of Removal; however, they were not attached to Defendants' Motion
to Dismiss, and will not be considered by the court.  *See Gines,* 699 F.3d at 820.  The court, however, will accept the
occurrence of these two assignments as true because the Petition alleges that two assignments were made to Defendant
CitiMortgage.

[4] Plaintiff cites to no specific provision of the Texas Property Code in the "Texas Property Code Violation"
section of the Petition.

[5] Plaintiff cites to no specific provision of the Texas Business and Commerce Code in the "Texas Business &
Commerce Code Violation" section of the Petition.

**Memorandum Opinion and Order - Page 2**

of the Texas Debt Collection Act ("TDCA"); and (5) suit to quiet title.  Plaintiff also seeks a refund

of all fees and charges paid under the Deed of Trust, exemplary damages, court costs and attorney's

fees.  On August 3, 2012, Defendants timely removed this action to federal court on the basis of

diversity jurisdiction.

## II.    Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks,

citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled

to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*. R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether

they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.    Analysis

### A.    Declaratory Judgment

Plaintiff first seeks a declaration that Defendants[6] have no interest in the Note, and/or Deed of Trust. Pl.'s Original Pet. ¶ 29.  Plaintiff also requests the court declare that any attempt to foreclose pursuant to the Texas Property Code is an action to collect a debt, and, therefore, Defendants must produce the one and only wet-ink Original Promissory Note for inspection prior to proceeding with any foreclosure proceedings. *Id.* ¶ 30.  Further, Plaintiff requests a declaration that: (1) Defendants did not know whether a default had occurred; (2) lacked authority to declare a default; (3) lacked authority to sell the property; and (4) in the event that any investor or assignee of an interest in the Note did not obtain assignment of the Deed of Trust, the obligation under the Note has become unsecured and the Deed of Trust may not be foreclosed. *Id.* ¶¶ 31, 32.

In response, Defendants contend that Plaintiff's claims are premised on untenable legal theories that have been rejected by Texas courts, thus precluding Plaintiff from relying on such theories to state a plausible claim for relief.  Defs. CitiMortgage, Inc.'s and Mortgage Electronic

---

[6] Although Plaintiff initiated this action against both MERS and CitiMortgage, the allegations in the Petition refer only to "Defendant," suggesting one defendant.  Because portions of the Petition appear to be lifted from another pleading, *see, e.g.*, Pl.'s Compl. ¶ 10, the court believes the references to "Defendant" are unintentional, and that the allegations were intended to apply to both defendants.  Accordingly, the court construes the Petition as requesting a declaratory judgment against both Defendants.

Registration Systems, Inc.'s Rule 12(b)(6) Mot. to Dismiss 5-6. Specifically, Defendants challenge Plaintiff's reliance on (1) the "show-me-the-note" theory; (2) allegations that MERS is without authority to assign the Deed of Trust; (3) the "split-the-note-theory"; (4) and allegations that the securitization process rendered the Note and Deed of Trust unenforceable. *Id.* The court addresses each of Plaintiff's theories separately in conjunction with Defendants' contentions.[7]

        1.      <u>*The "Show-me-the-Note" Theory*</u>

Plaintiff's declaratory judgment action, as well as his Texas Property Code, Texas Business and Commerce Code, and TDCA claims, are premised in part on the theory that Defendants cannot "enforce" or "collect on the Note" because they have yet to produce the original Note to show that they are indeed the owners or holders of the Note. *See, e.g.*, Pl.'s Orig. Pet. ¶¶ 22, 23, 30. This argument is colloquially known as the "show-me-the-note" theory. Under this theory, "only the holder of the original wet-ink signature note has the lawful power to initiate a nonjudicial foreclosure." *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *5 (N.D. Tex. May 21, 2012), *aff'd*, 2013 WL 657676 (5th Cir. Feb. 22, 2013) (quoting *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011)).

Defendants are correct that courts in this and neighboring districts have largely rejected this theory. This is because production of the original note is not necessary to foreclose pursuant to a deed of trust under the Texas Property Code. *Crear v. JP Morgan Chase Bank, N.A.*, No.10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing Tex. Prop. Code

---

[7] Defendants also argue that Plaintiff's declaratory judgment claim is improperly duplicative of his other claims, and requests that the court use its discretion and dismiss Plaintiff's declaratory judgment claim. The court, however, declines to dismiss Plaintiff's declaratory judgment action at this juncture because it is not entirely duplicative of all of Plaintiff's other claims, and because Defendants have not shown that they are entitled to dismissal of Plaintiff's declaratory judgment action in its entirety.

§§ 51.002, 51.0025).  Plaintiff conflates the two separate notions of enforcement of a promissory note and foreclosure.  Texas law distinguishes between the two.  "Foreclosure enforces the deed of trust, not the underlying note and is an independent action against the collateral and may be conducted without judicial supervision.  In contrast, enforcement of the note is a personal action and requires a judicial proceeding."  *Puig*, 2012 WL 1835721, at *5 (citations and internal quotation marks omitted).  "Thus, the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are *severable*."  *Id.*  "[W]here a note holder seeks a judgment against the borrower, the holder must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument.  Requiring the note holder to prove possession of the *original* note prevents multiple entities from attempting to collect on it."  *Id.*  "In contrast, courts have held that the Texas Property Code does not require a mortgagee in an nonjudicial foreclosure action to produce the original promissory note as a prerequisite to foreclosure."  *Id.*  "Courts have noted that Section 51.002 of the Texas Property Code, which lays out the steps that must be taken in order to foreclose on property, does not include a provision requiring a mortgagee to produce the original promissory note."  *Id.*

Plaintiff additionally argues that Defendants have no authority to foreclose on the Note because they are not parties to the original Note or did not acquire an interest in the Note.  The court reiterates that enforcement of the Note pursuant to a judicial proceeding and foreclosing on a deed of trust through nonjudicial proceedings are two distinct procedures.  This case involves a nonjudicial  foreclosure on a deed of trust.  To the extent that Plaintiff argues that Defendants must be a party to the original Note or the Note had to be assigned to Defendants in order for them to have authority to enforce the deed of trust, the court determines that such arguments fail.  This is because

**Memorandum Opinion and Order - Page 7**

the Texas Property Code contemplates that the entity administering the foreclosure may not

necessarily be the owner or holder of the security instrument. *See Preston v. Seterus*, *Inc.*, No. 3:12-

CV-2395, 2013 WL 1091272, at *13 (N.D. Tex. Mar. 15, 2013). A mortgagee or a  mortgage

servicer, acting on behalf of the mortgagee, may administer the foreclosure of property pursuant to

a deed of trust. Tex. Prop. Code § 51.0025. Under the Texas Property Code, a mortgagee may be

"the grantee, beneficiary, owner, or holder of a security instrument," "a book entry system," or "if

the security interest has been assigned of record, the last person to whom the security interest has

been assigned of record." *Id.* § 51.0001(4). Thus, "even if a person is not the holder of a note, he

may still be able to prove that he is the owner and entitled to enforce the note, foreclose on collateral

and obtain a deficiency judgment under common-law principles of assignment provided he can

establish chain of title." *Falk v. Wells Fargo* Bank, No. 3:09-CV-678-B, 2011 WL 3702666, at *6

(N.D. Tex. Aug. 19, 2011) (quoting *Leavings v. Mills*, 175 S.W.3d 301, 309-10 (Tex.

App.  Houston [1st Dist.] 2004, no pet.)).

Defendant CitiMortgage contends that it conducted the sale both as a mortgagee and

mortgage servicer entitled to foreclose under Chapter 51. Defs.' Rule 12(b)(6) Mot. to Dismiss 15.

Based on the Petition alone, the court cannot ascertain whether the Defendant CitiMortgage qualifies

as a mortgagee or mortgage servicer that may foreclose on the property, as there are no documents

attached to it regarding any alleged assignments or evidencing any agreement between MERS and

CitiMortgage providing CitiMortgage authority to foreclose on MERS's behalf. Although Plaintiff's

Petition alleges there were two assignments made from MERS to CitiMortgage, which the court

accepts as true, the Petition does not allege that these assignments are the last assignments of record.

Moreover, even though Defendants submitted with their Notice of Removal two documents in which

MERS appears to have assigned an interest to CitiMortgage, the court may not consider them in ruling on Defendants' motion because they were not attached to the motion.  *See Gines*, 699 F.3d at 820.  Thus, the court concludes that Defendants are not entitled to dismissal of Plaintiff's claim to the extent he requests a declaration that Defendant CitiMortgage lacked authority to foreclose as a mortgagee under Chapter 51.

Defendants contend that the Petition "admits that CitiMortgage also conducted the Sale in its capacity as mortgage servicer."  Defs.' Rule 12(b)(6) Mot. to Dismiss 15.  The court disagrees with Defendants that Plaintiff's statement in his Petition constitutes an admission or allegation that Defendant CitiMortgage lawfully foreclosed on the property as mortgage servicer.  The Petition states that "[a]ccording to the Notice of Sale, defendant Citi/MERS is the Mortgage Servicer but there is no Service Agreement providing for it."  Pl.'s Original Pet. ¶ 10.  Here, it is clear that Plaintiff is challenging  not "admitting"  whether Defendant CitiMortgage had authority to foreclose as a mortgage servicer and the existence of an agreement between Defendants for CitiMortage to conduct the foreclosure sale as a mortgage servicer.  Under the Texas Property Code, only a mortgager servicer that has "entered into an agreement [with the mortgagee] granting the current mortgage service authority to service the mortgage" and that has provided the required notice under Section 51.002(b) may initiate nonjudicial foreclosure proceedings.  Tex. Prop. Code § 51.0025.  The court concludes that Plaintiff has alleged enough to state a claim for a declaratory judgment that Defendant CitiMortgage lacked authority under the Texas Property Code to foreclose the property as a mortgage servicer, and Defendants are not entitled to dismissal of this claim.

Accordingly, the court determines that Plaintiff is not entitled to a declaratory judgment on the ground that Defendants failed to produce the wet-ink Note prior to initiating foreclosure

proceedings or that Defendants could not foreclose under Texas law unless they owned or held the original Note.   To the extent, however, that Plaintiff requests a declaration that Defendant CitiMortgage lacked authority to foreclose on the property because CitiMortgage did not qualify as a mortgagee or "mortgage servicer with authority to foreclose under the Texas Property Code, Defendants are not entitled to dismissal of this claim.

2.   _MERS's Authority to Assign the Deed of Trust_

Plaintiff alleges that two assignments of the mortgage were made from MERS to CitiMortgage, however, he disputes that MERS had the authority to make such an assignment in the first place.   According to Plaintiff, because MERS was not a party to the original Note, it had no authority to assign any interest in the Note and/or the Deed of Trust to CitiMortgage.  Pl.'s Original Pet. ¶¶ 7, 9, 11.  Defendants counter that Plaintiff lacks standing to contest MERS's assignments because he was not a party to the MERS assignments.  Defs.' Rule 12(b)(6) Mot. to Dismiss 7-8.

The court determines that Plaintiff's claim challenging the foreclosure based on the assignments of the Note and Deed of Trust is not _per se_ barred for lack of standing as a result of his nonparty and nonbeneficicary status in the alleged assignments.  _See Preston,_ 2013 WL 1091272, at *10.  Here, Plaintiff does not contend that Defendants breached or failed to comply with the terms of the alleged assignments, and he does not seek any benefit under the assignments.  Instead, Plaintiff challenges Defendant MERS's authority under the Note and Deed of Trust to make assignments and foreclose on the property.  _See id._  The court nonetheless determines that Plaintiff's allegations fail to state a claim upon which relief can be granted because MERS had an interest in the Deed of Trust and had the authority to assign such interest to CitiMortgage.

**Memorandum Opinion and Order - Page 10**

The Deed of Trust named MERS as "beneficiary of this Security Instrument . . . (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." Defs.' App. in Support of Mot. to Dismiss 4. Furthermore, the Deed of Trust expressly provides that MERS "holds only legal title in the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." *Id.* Plaintiff contends that "[s]imply being a beneficiary or having an assignment of the deed of trust is not enough to be entitled to foreclose on a deed of trust." Pl.'s Original Pet. ¶ 11. Because the plain language of the Deed of Trust specifically provided that MERS would have the power of foreclosure and sale, MERS had the power of foreclosure and sale, which it could assign to another, including CitiMortgage. Further, MERS, as a beneficiary of the Deed of Trust, is a mortgagee under Texas law, and as mortgagee, MERS could foreclose on the Property itself or authorize a mortgage servicer to service the loan and foreclose. *See* Tex. Prop. Code §§ 51.0001(4)(A),(C), 51.0025. It is not necessary under Texas law that the assignee be identified in a note in order to enforce it; "the assignee may still enforce it by 'proving the transfer by which he acquired the note,' or in other words, by showing the note's 'chain of title.'" *Puig, v. Citibank*, No.12-10609, 2013 WL 657676, at *2 (5th Cir. Feb. 22, 2013) (quoting *Leaving*, 175 S.W.3d at 309-10).

Therefore, the court concludes that Plaintiff has failed to establish that Defendant MERS did not have an interest in the Note or Deed of Trust, could not have foreclosed on the property itself, or could not have lawfully assigned its interest to Defendant CitiMortgage. Accordingly, Plaintiff

fails to state a claim upon which relief can be granted, and this ground cannot serve as a basis for a declaratory judgment against MERS.

3.      *The "Split-the-Note" Theory*

Plaintiff's claims also rely in part on the theory that Defendants lack authority to foreclose on the Property because the Note and the Deed of Trust were not assigned together.  Pl.'s Original Pet. ¶¶ 11, 32. This is known as the "split-the-note" theory, and, according to its advocates, an assignee of a deed of trust lacks power to foreclose when the deed of trust is assigned without the note. *Schrader-Scalf v. CitiMortgage, Inc.*, No. 3:12-CV-4446-D, 2013 WL 625745, at *2 n.3 (N.D. Tex. Feb. 20, 2013).  This theory, however, has been rejected by several Texas courts, including this court.  *See, e.g.*, *Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *4-7 (N.D. Tex. Nov. 28, 2012) (rejecting the "split-the-note" theory as a matter of law on the basis that it has not been embraced by Texas state courts and federal courts that have addressed the theory and interpreted Texas law); *see also Casterline v. One West Bank, F.S.B.*, No. CA C-12-150, 2012 WL 5465982, at *7 (S.D. Tex. Oct. 10, 2012) (collecting cases that have rejected the "split-the-note" theory).  This is because:

> Under Texas law, a deed of trust is a mortgage with a power to sell on default. A mortgage created by a deed of trust is an interest created by a written instrument providing security for payment. The security is established by a note. Because the deed of trust or mortgage has no legal effect apart from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt. . . .

*DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 622-23 (N.D. Tex. 2011) (citations and internal quotation marks omitted).  Thus, it is not necessary to possess the note when foreclosing on the property securing the note.  *Casterline*, 2012 WL 5465982, at *6.  As already explained, the entity administering the foreclosure does not necessarily have to be the owner or holder of the

security instrument because the Texas Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted on this ground, and it cannot serve as the basis for a declaratory judgment.

### 4. *Securitization Theory*

Plaintiff also alleges that the Note was pooled with similar debt pursuant to a pooling and servicing agreement for the purpose of selling such debt as residential mortgage-backed securities to investors.  Pl.'s Original Pet. ¶ 11.  Plaintiff argues that because "the Original Note now exists as part of a mortgage-backed security in the financial securities market," this "negates Defendant's [sic] asserted position as owner or Holder of the Original Note or as duly authorized representatives of the Original Note's current Holder and/or owner."  *Id.* ¶ 22.  Defendants respond that Plaintiff's speculative allegations that the Note and Deed of Trust might have been securitized is without merit, and any alleged securitization would have happened pursuant to a pooling and servicing agreement to which Plaintiff was not a party, and thus, would not have standing to challenge.  The court does not agree with Defendants that Plaintiff's claims are barred for lack of standing as a result of their nonparty and nonbeneficiary status to any alleged securitization agreement because Plaintiff does not contend that Defendants breached or failed to comply with the terms of the alleged securitization agreement, and he does not seek any benefit under the securitization agreement.  *See Preston*, 2013 WL 1091272, at *10.  The court, however, determines that Plaintiff's arguments fail on other grounds.

It is unclear from the pleadings and response why Plaintiff believes that any pooling and service agreement "negates" MERS's interest in the Deed of Trust, or any assignment MERS may

have made to CitiMortgage.  Plaintiff cites no Texas authority, and the court has found none, to suggest his contention that the mere securitization of a note extinguishes the foreclosure rights of the assignee of the Deed of Trust.  This contention appears to rely on the flawed "split-the-note" theory because it assumes that, under Texas law, the entity foreclosing must own or hold both the note and the deed of trust.  The court therefore will dismiss Plaintiff's request for a declaratory judgment to the extent that securitization of the Note alone negates MERS's interest in the Deed of Trust, authority to foreclose and sell the Property, or ability to assign its interest to CitiMortgage.

The court holds that Defendants have not shown that they are entitled to dismissal of the entirety of Plaintiff's declaratory judgment action.  As for Plaintiff's request for a declaration that Defendant CitiMortgage lacked authority to foreclose on the property, this claim remains.  The court, however, believes that this claim must be repleaded with more particularity to show that Plaintiff is entitled to relief.  As Plaintiff has requested leave to amend, the court will allow Plaintiff the opportunity to amend his pleading with respect to this claim.

### B.     Texas Property Code Claim

Plaintiff alleges that Defendants failed to give proper notice as required by Texas Law before foreclosure and that Defendants are not authorized by the actual current owner or holder of the note to conduct a foreclosure and/or Substitute Trustee's Sale of Plaintiff's Property.  Pl.'s Original Pet. ¶¶ 19, 20.  Plaintiff cites to no specific provision of the Texas Property Code; however, the court construes the Petition to allege a claim for wrongful foreclosure.

To state a claim for wrongful foreclosure under Texas Law, Plaintiff must plead: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Charter Nat'l Bank-Houston v. Stevens*,

781 S.W.2d 368, 371 (Tex. App.   Houston [14th Dist.] 1989, writ denied).   Therefore, to assert

successfully a claim for wrongful foreclosure, the property in question must have been sold at a

foreclosure sale.   *See Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.   San Antonio 1998, no

pet.) ("Recovery is conditioned on the disturbance of the mortgagor's possession based on the theory

that the mortgagee must have committed a wrong similar to the conversion of personal property.

Where the mortgagor's possession is undisturbed, he has suffered no compensable damage.")

(citations and footnote omitted).   Here, Plaintiff has not pleaded that he has been dispossessed of the

Property.   To the contrary, Defendants state that the Plaintiff remains in possession of the Property.

If Plaintiff is still in possession of the home, he cannot recover damages under a wrongful

foreclosure claim as a matter of law.   Because the court is unable to determine whether Plaintiff is

still in possession of the property from the pleadings,  the court will allow Plaintiff the opportunity

to plead whether he is in possession of the property with respect to this claim.

### C.      Texas Business and Commerce Code Claim

Here, Plaintiff asserts that under the Texas Business and Commerce Code, only a holder of

an instrument is entitled to enforce said instrument.   Pl.'s Original Pet. ¶¶ 21, 22.  This is essentially

the same "show-me-the-note" theory that the court has already addressed and determined to be

without merit.   Furthermore, Plaintiff raises the securitization argument in this section of the

Petition, *id.* ¶ 22, which the court has also already addressed and determined to be without merit.

Without anything more, the court determines that Plaintiff fails to state a claim under the Texas

Business and Commerce Code upon which relief may be granted and will dismiss this claim.

D.     **TDCA Claim**

Plaintiff argues that Defendants have violated section 392.301(8) of the Texas Finance Code by engaging in collection activities when they have no authority to collect on the Note or hold a substitute trustee's sale. *Id.* ¶¶ 23-24.  Further, Plaintiff generally alleges that all alleged transfers, assignments, and misstatements of facts regarding the Note by Defendants and the failure of Defendants to verify that they are the holder of the Note, "constitute violations of the Texas Finance Code."  With regards to the latter claim, Plaintiff cites to no specific provision of the Texas Finance Code.  Defendants respond that Plaintiff's TDCA claim fails because Plaintiff fails to: (1) allege that CitiMortgage is a "debt collector" under the TDCA; (2) plead sufficiently that CitiMortgage violated the TDCA; (3) and allege that the violation caused Plaintiff's injury.  Defs.' Mot. to Dismiss 20.  The court agrees.

The TDCA permits a consumer to sue for threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt.  Tex. Fin. Code § 392.001, *et seq*.  The TDCA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5).  A "debt collector" under the TDCA "means a person who directly or indirectly engages in debt collection." *Id.* § 392.301(6). Section 392.301(a)(8) relied on by Plaintiff prohibits a debt collector from "threatening to take an action prohibited by law."  This court has previously held that the TDCA contemplates acts of foreclosure on real property. *Marquez v. Federal Nat'l Mortg. Ass'n*, 3:10-CV-02040-L, 2011 WL 3714623, at *4 (N.D. Tex. Aug. 23, 2011).

The court cannot reasonably infer, based upon the paucity of allegations, that Defendants may be liable for the conduct that Plaintiff alleges regarding the TDCA.  Plaintiff's threadbare allegations regarding CitiMortgage's status as a holder of the Note and formulaic recitation of certain provisions of the TDCA do not suffice to state a plausible TDCA claim.  Because Plaintiff requests in his response to Defendants' motion to dismiss leave to amend, the court will allow Plaintiff to replead this claim with more specificity.

### E.    Suit to Quiet Title

Plaintiff requests the court to enter an order quieting title to the Property in his favor and against Defendants.  Pl.'s Original Pet. ¶ 38.  Defendants counter that Plaintiff fails to state a quiet title claim because he does not prove his title is superior, but instead merely alleges the speculative possibility that the Note and Deed of Trust may have been securitized and other conclusory allegations with respect to CitiMortgage's authority to enforce the Note and Deed of Trust.  Defs.' Mot. to Dismiss 23-24.  The court agrees with Defendant that Plaintiff has not alleged enough facts to state a quiet title claim.

It is unclear from the section of the Petition titled "Cause of Action: Quiet Title" why Plaintiff believes he is entitled to the equitable remedy of quiet title.  In his response to Defendants' motion to dismiss,  however, Plaintiff alleges that by stating that he is the property owner of the Property "under a deed thereto recorded in the office of the Dallas County Clerk," in the "Background Facts" section of the Petition, he has alleged the superiority of his title, and thereby properly pleaded his quiet title claim.  Pl.'s Resp. to Defs.' Mot. to Dismiss 11.

In a suit to quiet title, a plaintiff must allege "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged

adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 521 (Tex. App.    Houston [1st Dist.] 2009, pet. denied).  The plaintiff has the burden of establishing his "superior equity and right to relief," and like a trespass to try title action, the plaintiff in a suit to quiet title "must base his action on the strength of his own title." *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App.    Corpus Christi 1977, writ ref'd n.r.e.) (citing *Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705 (5th Cir. 1951), *cert. denied*, 342 U.S. 920, 72 S. Ct. 367 (1952)).

Here, Plaintiff alleges in conclusory fashion that he is the owner of the property and that "[t]he transfer of the Note as part of undetermined securities transactions potentially subjects Plaintiff to multiple and unpredictable recoveries or attempts to recover against the subject properties."  Pl.'s Original Pet. ¶ 35.  The court determines that Plaintiff does not allege facts that which if proved, would establish his superior title.  Plaintiff does not allege whether he was current on his mortgage loan payment at the time Defendants accelerated the note and foreclosed on the Property.  Moreover, Plantiff alleges in conclusory fashion that Defendants' claim over the property is invalid.  *See id.* ¶ 36 ("The failure of Defendant [sic] . . . to retain any interest in the obligations under the Note voided any title . . . they might have under the Trust Deed and rendered the Trust Deed unenforceable by them.").  The court determines that these facts are insufficient to state a claim for quiet title, but it will allow Plaintiff to amend his pleadings with respect to this claim.

**IV.    Amendment of Pleadings**

In response to Defendants' Motion to Dismiss, Plaintiff requests to amend his pleadings in the event the court determines that he has failed to state a claim.  Pl.'s Resp. to Defs.' Mot. to Dismiss 12-13.  Defendants contend that this request to amend should be denied because Plaintiff's

claims are premised on untenable theories, and, as such, granting leave to amend would be futile. Defs.' Reply Br. in Support of Mot. to Dismiss 10.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has concluded that Defendants have not shown, as a matter of law, that they are entitled to dismissal of all of Plaintiff's claims.  Also, Defendants have not shown that they will suffer undue legal prejudice or that Plaintiff has caused undue delay.  Further, a party should be allowed to amend when he has not previously amended and the failure to state a claim is based on insufficient and conclusory allegations.  Accordingly, the court will, as it has already indicated, permit Plaintiff to amend his pleadings.  The court emphasizes, however, that amendment of the pleadings will be limited to those claims that the court has determined Plaintiff still may be able to state a claim upon which relief may be granted.  These claims are Plaintiff's: (1) declaratory judgment action based on the theory that CitiMortgage lacked authority to foreclose on the Property; (2) wrongful foreclosure claim; (3) TDCA claim; and (4) suit to quiet title.

The court, however, warns Plaintiff that conclusory allegations and general invocation of entire statutory codes will not be accepted by the court. Plaintiff has filed a hodgepodge of allegations that are vague, conclusory, and short on legal authority. Plaintiff must replead the allegations of the remaining claims with the required specificity in accordance with the standards and applicable law as set forth in this opinion. This means that he must allege sufficient facts based on the elements of *each* claim so that the court may reasonably infer that Defendants, based on the allegations pled if proved to be true, are liable for the conduct set forth in the pleading. Plaintiff is further warned that copying and pasting portions of other pleadings is unacceptable and will not be tolerated by this court. Accordingly, if Plaintiff fails to plead as required, Defendants are entitled to a dismissal of the claims under 12(b)(6).

## V.      Conclusion

For the reasons herein stated, the court concludes that Plaintiff has failed to state a claim for: (1) a declaratory judgment based on the "show-me-the-note" theory; (2) a declaratory judgment based on the "split-the-note" theory; and (3) a violation of the Texas Business and Commerce Code. The court therefore **grants** Defendant's Motion to Dismiss with regard to these claims, and **dismisses them with prejudice**. The court **denies** Defendants' Motion to Dismiss with respect to Plaintiff's: (1) declaratory judgment action to the extent it seeks a declaration that Defendant CitiMortgage lacked authority to foreclose on the Property; (2) wrongful foreclosure claim; (3) TDCA claim; and (4) suit to quiet title. For the reasons herein stated, these claims remain for disposition, and the court allows Plaintiff to replead them. Plaintiff must file his amended pleading **by April 8, 2013.** Failure of Plaintiff to replead by this date and in accordance with the standards herein stated, and the court's instructions, will entitle Defendants to dismissal pursuant to Rule

12(b)(6) of the claims ordered to be repleaded; or the court may dismiss them *sua sponte* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution or failure to comply with a court order.

**It is so ordered** this 25th day of March, 2013.

Sam A. Lindsay
United States District Judge