IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY T. DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-2652-L (BF) |
| | § | |
| CITIMORTGAGE, INC. and | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint to the United States Magistrate Judge for proposed findings and a recommendation concerning the disposition of the motion. For the following reasons, the District Court should grant Defendants' Motion.

**Background**

This case arises out of foreclosure proceedings initiated against Plaintiff's home in Lancaster, Texas (the "Property"). Plaintiff alleges that he acquired the Property by Warranty Deed from Kimball Hill Homes Dallas, LP on or about January 12, 2007. Plf. First Am. Compl. at 1, ¶ 4. In connection with his acquisition of the Property, Plaintiff executed a Promissory Note (the "Note") in favor of First NLC Financial Services, LLC ("First NLC") and a Deed of Trust. *Id.* at 2, ¶ 5. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for First NLC, subsequently executed an Assignment of Mortgage ("First Assignment") purportedly assigning the Note and Deed of Trust to Defendant CitiMortgage, Inc. ("CitiMortgage"). *Id.*, ¶ 6. The First

Assignment was filed with the Dallas County Clerk on August 31, 2009. *Id.* MERS also executed a second Assignment of Mortgage ("Second Assignment") on January 26, 2010 purportedly assigning the Note and Deed of Trust to CitiMortgage again. *Id.*, ¶ 7. The Second Assignment was filed with the Dallas County Clerk. *Id.* CitiMortgage invoked the power of sale under the Deed of Trust and purchased the Property at a foreclosure sale conducted on February 7, 2012. *Id.* at 3, ¶ 11. Thereafter, CitiMortgage attempted to evict Plaintiff and take possession of the Property. *Id.*

Plaintiff filed this lawsuit on July 9, 2012 in Texas state court alleging various causes of action challenging Defendants' right to foreclose on the Property. Defendants timely removed the case to federal court on the basis of diversity jurisdiction and filed a motion to dismiss. The District Court granted Defendants' motion, in part, but allowed Plaintiff to replead his claims for: (1) a declaratory judgment that CitiMortgage lacked authority to foreclose on the Property; (2) wrongful foreclosure; (3) quiet title; and (4) violations of the Texas Debt Collection Act. *See* Mem. Opn. and Order dated 3/25/13 (Doc. 11) at 20-21. Plaintiff then filed his First Amended Complaint seeking a declaratory judgment that Defendants had no interest in the Note and/or Deed of Trust and, thus, had no right to foreclose on the Property. *See* Plf. First Am. Compl. at 3-5, ¶¶ 12-20. Plaintiff also asserts claims for quiet title and trespass to try title and for a refund of any fees wrongfully collected. *Id.* at 5, ¶¶ 21-25. Succinctly stated, Plaintiff contends that CitiMortgage lacked authority to foreclose on the Property because the assignment of the Note and Deed of Trust from MERS to CitiMortgage was void, the Note was never properly negotiated to CitiMortgage, and CitiMortgage never became a party to or a beneficiary of the Deed of Trust. Plaintiff further contends that his title to the Property is superior to Defendants' title and that Defendants' liens are invalid.

2

Defendants now move to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for their motion, Defendants argue CitiMortgage had authority to foreclose on the Property in its capacity as mortgagee and/or as mortgage servicer. Defendants further argue that CitiMortgage properly holds title to the Property by virtue of the Trustee's Deed. The issues have been fully briefed by the parties, and the motion is ripe for determination.

**Legal Standards**

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

## Analysis

The gravamen of Plaintiff's claims is that Defendants had no interest in the Note and/or Deed of Trust and, thus, had no right to foreclose on the Property. *See* Plf. First Am. Compl. at 3-5, ¶¶ 12-20; Plf. Resp. at 3.  As the District Court has already observed, Texas law distinguishes between enforcement of a promissory note and foreclosure.  Mem. Opn. and Order, 3/25/13 at 7.  Where, as here, a debt is secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App. -- Corpus Christi 2002, pet. denied). To the extent Plaintiff argues that the Note had to be properly negotiated to Defendants or that Defendants were required to be the "owner" or "holder" of the Note in order to have authority to foreclose, *see* Plf. First Am. Compl. at 4, ¶¶ 15-16, 19, his arguments are without merit.  A deed of trust gives the lender as well as the beneficiary the right to invoke the power of sale, even though such parties may not also own or hold the note. *Martins*, 722 F.3d at 255.  Indeed, the District Court has already expressly rejected this legal argument.  Mem. Opn. and Order, 3/25/13 at 7 ("To the extent that Plaintiff argues that Defendants must be a party to the original Note or the Note had to be assigned to Defendants in order for them to have authority to enforce the deed of trust, the court determines that such arguments fail.").

Texas law provides that either a mortgagee or a mortgage servicer may administer a deed of trust foreclosure. *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing TEX. PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007)).  A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," a "book entry system," or "if the security interest has been assigned of record, the last

person to whom the security interest has been assigned of record." TEX. PROP. CODE ANN. § 51.0001(4). A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." *Id*. § 51.0001(3). Here, Defendants have attached a copy of the Deed of Trust to their motion to dismiss.[1] Def. App., Exhs. B & C. The Deed of Trust names MERS as the beneficiary of First NLC. *Id.*, Exh. B at 11. MERS is also a book entry system that qualifies as a mortgagee under the Texas Property Code. *Martins*, 722 F.3d at 255. MERS assigned the Deed of Trust to CitiMortgage, *see* Plf. First Am. Compl. at 2, ¶ 6, and CitiMortgage was thus entitled to initiate foreclosure proceedings against the Property. *See Martins*, 722 F.3d at 255 (MERS and its assigns entitled to bring foreclosure actions under the Texas Property Code). Plaintiff has failed to state a plausible claim for declaratory relief that CitiMortgage lacked authority to foreclose on the Property.

Plaintiff's allegation that MERS executed a second Assignment of Mortgage does nothing to salvage his claim. The First Assignment was itself sufficient to give CitiMortgage the authority to foreclose, and the validity of the Second Assignment is irrelevant. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225-26 (5th Cir. 2013) (observing that where same assignor executed two assignments in favor of same party, validity of second assignment would be irrelevant). Plaintiff's argument that "[t]he deed of trust makes it very clear that only the lender is entitled to foreclose," *see* Plf. Resp. at 5, also is without merit. The Deed of Trust simply does not contain any such limitation. Def. App., Exh. B at 19. Nor are Plaintiff's remaining arguments responsive to

---

[1] Because the Deed of Trust is referenced in Plaintiff's complaint and is central to his claims, the Court may consider it in deciding the motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to his claim).

Defendants' motion to dismiss. Defendants do not contest Plaintiff's standing to challenge the foreclosure.

Finally, Plaintiff cannot prevail on his quiet title or trespass to try title claims. Plaintiff has failed to allege facts that, if proved, would establish his superior title to the Property. Instead, he bases his challenge to the Trustee's Deed on flawed legal arguments that Defendants lacked authority to foreclose on the Property. Plaintiff has wholly failed to cure the deficiencies noted by the District Court in its decision on Defendants' prior motion to dismiss. Mem. Opn. and Order, 3/25/13 at 17-18. Defendants are therefore entitled to dismissal of all of Plaintiff's claims. *See Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-cv-3929-L, 2013 WL 3455716, at *9-10 (N.D. Tex. July 9, 2013) (dismissing claim for suit to quiet title based on similar allegations); *Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012) (same).

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12) and DISMISS with prejudice all of Plaintiff's claims and causes of action.[2]

---

[2] The District Court previously allowed Plaintiff to amend his complaint after ruling on Defendants' prior Rule 12(b)(6) motion directed toward Plaintiff's original state court petition. The Court determines that Plaintiff has stated his "best case" and that further attempts to amend would be futile and unnecessarily delay the resolution of this action. Accordingly, the District Court should not allow Plaintiff any opportunity to further amend his pleadings. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (dismissal with prejudice appropriate where plaintiff was given a fair opportunity to present its case and failed to do so); *see also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (same).

SO RECOMMENDED, December 17, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).